

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6597 | **DATE** | 11/26/2002 |
| **CASE TITLE** | United States v. The Northern Trust Co., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, this Court GRANTS the United States' motion for summary judgment [15-1] in the amount of $466,204.44 plus accrued interest and statutory additions as allowed by law from and after May 29, 2002. As such, a federal tax lien has attached to Stout's right to receive pension payments, in the amount of $711.38 every month, from The Northern Trust Company, trustee to the PepsiCo., Inc. Master Trust which holds the funds used to make payments according to Stout's Quaker Oats Retirement Plan. This case is closed.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC - 9 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 23 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mds(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

DEC 9 2002

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) No. 01 C 6597 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| THE NORTHERN TRUST COMPANY, as Trustee for the PEPSICO, INC. MASTER TRUST and PAUL R. STOUT, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the United States of America ("Plaintiff") brings this complaint in this Court to foreclose the federal tax lien that attached to the rights of Defendant Paul R. Stout ("Stout") to receive monthly payments from the PespiCo, Inc. Master Trust under the Quaker Oats Retirement Plan. Before this Court is Plaintiff's motion for summary judgment. For the following reasons, the Plaintiff's motion for summary judgment is GRANTED.

### I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could

23

return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

## II. Factual Background

The following facts are taken from the parties' Local Rule 56.1 Statement of Uncontested Facts. Stout is an Illinois resident who resides in Ashton, Illinois. Defendant The PepsiCo., Inc. Master Trust is a valid trust under Illinois and federal law. Its Trustee is the Northern Trust Company, a corporation with its principal place of business in Chicago, Illinois. Stout has the right to be paid by the PepsiCo., Inc. Master Trust the sum of $711.38 every month for the rest of his life pursuant to the retirement plan of The Quaker Oats Company. Stout began working for The Quaker Oats Company in 1944 and his employment ceased on May 5, 1978.

On July 31, 1986, a delegate of the Secretary of the Treasury made an assessment against Stout for unpaid federal income tax, penalties, and interest for the years 1973 and 1975 through and including 1980, in the following amounts:

| Year | Tax | Fraud Penalties | Estimated Tax Penalties | Interest |
| --- | --- | --- | --- | --- |
| 1973 | $6,323.25 | 3,161.63 | 133.93 | 11,114.50 |
| 1975 | 4,231.40 | 2,115.70 | 181.76 | 6,536.61 |
| 1976 | 7,575.86 | 3,787.93 | 240.24 | 10,894.47 |
| 1977 | 8,348.25 | 4,174.12 | 297.05 | 11,140.34 |
| 1978 | 19,292.91 | 9,646.45 | -0- | 23,980.42 |
| 1979 | 12,350.49 | 6,175.25 | 454.31 | 13,989.91 |
| 1980 | 1,359.00 | 679.50 | 26.58 | 1,290.74 |

Notice of the assessment and demand for its payment were duly sent to Stout on or about the date it was made. Despite notice and demand, Stout has not fully paid his assessed liability. He owes the United States $466,204.44 plus accrued interest and statutory additions as allowed by law from and after May 29, 2002.

In 1996, the United States filed suit against Stout in this court, requesting a money judgment for the unpaid balance of the assessment. That action was assigned case No. 96 C 4683. On January 25, 2000, judgment was entered in favor of the United States and against Stout for the unpaid balance of the assessment.

### III. Discussion

In support of its motion for summary judgment, the United States submitted evidence of the unpaid tax assessment against Stout in the form of a Declaration of IRS employee Rodney

Joseph. Further, as evidence of Stout's rights to receive pension payments, the United States submitted a Declaration of a Quaker Oats employee, Linnea Kopp, which states that Stout will receive $711.38 every month for the rest of his life pursuant to the retirement plan of The Quaker Oats Company. Stout objects to summary judgment on several grounds. First, he argues that the United States lacks standing to bring this claim against him. Second, he argues that there has been no discovery in this case and that, as a result, there are "numerous genuine issues of material facts." Finally, he argues that the IRS cannot prove the validity of the tax assessment against him and he submits a letter from the IRS as evidence that a tax liability against him does not exist. This Court addresses each of Stout's arguments in turn.

*The United States is a proper party*

The United States has standing to bring this claim. Under 26 U.S.C. § 6321, which provides that the amount of a delinquent taxpayer's liability shall be a lien in the favor of the United States upon all property and rights to property belonging to the taxpayer, the United States has a legally protected interest. Further, 26 U.S.C. § 7403 specifically states:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

Thus, Stout's argument that the United States has no standing to bring this suit against him is without merit.

*Discovery*

Stout argues that summary judgment is improper because there has been no discovery. A district court has wide discretion with respect to discovery, Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983), and Stout offers no explanation as to why discovery is necessary in this case. Facts that he disputes, such as the existence of PepsiCo., Inc. and The Northern Trust Company, do not create a genuine issue that defeat summary judgment, especially considering that the Declaration of Linnea Kopp is more than sufficient to establish not only the existence of these entities but also Stout's right to receive payments pursuant to his retirement plan. Thus, discovery on these issues would not be useful.

Further, while Stout argues that no tax liability against him exists, his "proof" is a letter from the IRS in response to a Freedom of Information/Privacy Act request that states no such thing. Stout takes issue with the IRS employee, Rodney Joseph, arguing that Joseph has no personal knowledge of the tax assessment made against Stout in 1986. As an IRS employee who reviewed IRS records concerning Stout, however, Joseph has demonstrated the requisite personal knowledge to establish the existence and validity of the tax assessment. Federal tax assessments, once demonstrated, are presumptively correct and the burden is on the taxpayer to show by a preponderance of the evidence that the determination is incorrect. U.S. v. Kim, 111 F.3d 1351 (7th Cir. 1997). Stout has not met his burden, nor can he show how discovery would enable him to question the validity of the tax assessment. Therefore, this Court finds that there is no genuine issue of fact regarding the validity of the tax assessment or the existence of Stout's right to receive retirement benefits pursuant to his Quaker Retirement Plan; summary judgment is granted in favor of the United States.

## IV. Conclusion

For the foregoing reasons, this Court GRANTS the United States' motion for summary judgment in the amount of $466,204.44 plus accrued interest and statutory additions as allowed by law from and after May 29, 2002. As such, a federal tax lien has attached to Stout's right to receive pension payments, in the amount of $711.38 every month, from The Northern Trust Company, trustee to the PepsiCo., Inc. Master Trust which holds the funds used to make payments according to Stout's Quaker Oats Retirement Plan. This case is closed.

Enter:

David H. Coar

United States District Judge

Dated: November 26, 2002